## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ROBERT ABRAMS,**

      **Petitioner,**

**v.**                                                    **CASE NO. 6:13-cv-051-Orl-19TBS**

**SECRETARY, DEPARTMENT**
**OF CORRECTIONS, et al.,**

      **Respondents.**

_____

## <u>ORDER</u>

This action is before the Court on the following matters:

(1)      The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 filed by

Petitioner Robert Abrams (Doc. No. 1, Jan. 9, 2013);

(2)      The Memorandum in Support of the Petition for Writ of Habeas Corpus filed by

Petitioner Robert Abrams (Doc. No. 2, Jan. 9, 2013);

(3)      The Response in Opposition to the Petition for Writ of Habeas Corpus filed by

Respondents, the Secretary, Department of Corrections and the State of Florida

Attorney General (Doc. No. 8, filed May 6, 2013); and

(4)      The Reply in Support of the Petition for Writ of Habeas Corpus filed by Petitioner

Robert Abrams (Doc. No. 11, May 17, 2013).

## INTRODUCTION

Petitioner Robert Abrams ("Petitioner") is a state prisoner serving a forty-year sentence in relation to a robbery conviction and qualification as both a prison releasee reoffender ("PRO") and a habitual felony offender ("HFO").  (Doc. No. 9.)  Petitioner alleges two claims for relief in his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 (the "Petition").  (Doc. No. 1.) Respondents, the State of Florida Attorney General, and the Secretary, Department of Corrections ("Respondents"), contend that the Court should not reach the merits of Petitioner's claims and should dismiss the Petition as untimely.  (Doc. No. 8.)  As explained below, the Court agrees with Respondents and will dismiss the Petition.

## THE PETITION IS UNTIMELY

Pursuant to 28 U.S.C. §2244:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

    (A)   the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction
or other collateral review with respect to the pertinent judgment or claim is
pending shall not be counted toward any period of limitation under this
section.

28 U.S.C. §2244(d).

Petitioner was convicted of robbery with a weapon and battery, and he was sentenced by the

state trial court on June 23, 2009.  (Doc. No. 9.)  Petitioner appealed his conviction and sentence,

and on February 2, 2010, the state appellate court affirmed *per curiam* Petitioner's conviction and

sentence.  *Abrams v. State*, 28 So. 3d 57 (Fla. 5th DCA 2010).  The state appellate court then denied

the Petitioner's request for rehearing, and mandate issued thereafter.  Petitioner had ninety days from

February 2, 2010, or through May 3, 2010, to petition the Supreme Court of the United States for

a writ of certiorari.  *See* Sup. Ct. R. 13(3);[1] *e.g., Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000).

Thus, under §2244(d)(1)(A), Petitioner's judgment of conviction became final on May 3, 2010, and

absent any tolling, Petitioner had through May 2, 2011 to file a federal habeas petition.

Under §2244(d)(2), the one-year limitations period is tolled during the pendency of any

"properly filed" state post-conviction proceedings.  Petitioner filed a Rule 3.850 Motion on June 20,

2010 (the "3.850 Motion"), which the state trial court summarily denied on October 20, 2010 (the

"October Decision").  Petitioner had thirty days – until November 19, 2010 – to file a timely appeal,

---

[1] The Supreme Court of the United States recently held in *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-56 (2012), that if a prisoner does not pursue review to the Supreme Court of the United States or to the State's highest court, he is not entitled to an additional 90 days for filing a petition for writ of certiorari.  Although Petitioner did not seek review with the Supreme Court of Florida, the Court finds that *Gonzalez* is distinguishable because in Florida, the Supreme Court does not have jurisdiction to review a district court's *per curiam* decision on direct appeal. *Jackson v. State*, 926 So. 2d 1262, 1265 (Fla. 2006).  Thus, because filing a petition for writ of discretionary review with the Supreme Court of Florida would be futile, Petitioner was not required to file such a petition in order for 90 additional days of the one-year limitations period to be tolled.

but Petitioner did not do so.  Thus, Petitioner's Rule 3.850 proceeding was pending for 153 days. *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (holding that a state proceeding is pending through the *timely* filing of a notice of appeal); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (same).

According to Petitioner, he was prevented from filing a timely appeal because the state court did not provide him with notice of the October Decision until July 2011.  (Doc. No. 11 at 1.)  Once Petitioner received notice of the October Decision, he waited until February 27, 2012 to file a request for a belated appeal (Doc. No. 9), which the state appellate court granted on April 13, 2012 (the "Belated Appeal").[2]  *Abrams v. Fla.*, 84 So.3d 1237 (Fla. 5th DCA 2012).  Petitioner did not file an initial brief in his Belated Appeal, and on November 13, 2012, the state appellate court affirmed *per curiam* the state trial court's October Decision (the "November Decision").  *Abrams v. State*, 101 So. 3d 854 (Fla. 5th DCA 2013).  Mandate issued on December 7, 2012, and Petitioner filed the instant petition a month later on January 9, 2013.  (Doc. No. 1.)

A total of forty-seven days of the one-year limitations period elapsed before Petitioner filed his 3.850 Motion in state court on June 20, 2010.  The time for filing a federal habeas petition was then tolled from June 20, 2010, through November 19, 2010 while Petitioner's 3.850 Motion was pending before the state trial court.  When his 3.850 action initially concluded on November 19, 2010, Petitioner still had 318 days remaining of the one-year limitations period, or until October 24, 2011, in which to file his federal habeas petition.  Petitioner did not file his federal habeas petition until January 9, 2013, which was one year and 74 days after the October 24, 2011 deadline.

---

[2] Before Petitioner sought leave to file a belated appeal, the one-year statute of limitations for filing a federal habeas petition expired.  Accordingly, Petitioner is not entitled to Section 2244(d)(2) tolling for any proceedings after November 19, 2010. *McMillan v. Dep't of Corrections*, 257 Fed. App'x 249, 252-53 (11th Cir. 2007); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *e.g.*, *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).

4

## EQUITABLE TOLLING

The Supreme Court of the United States held, in *Holland v. Fla.*, 130 S. Ct. 2549, 2562 (2010), that a petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "There must be a causal connection between the alleged extraordinary circumstances and the late filing of the motion." *Lucas v. U.S.*, No. 12-15804, 2013 WL 2985800, *3 (11th Cir. Jun. 17, 2013). And, the "diligence required for equitable tolling to be warranted is reasonable diligence," including maintaining contact with the court and attorneys, and acting promptly when an erroneously missed deadline is discovered. *Holland*, 130 S.Ct. at 2555-59 (noting that diligence was shown where the petitioner prepared a court filing the very day he discovered that he missed a deadline due to erroneous attorney advice).

To overcome his untimely filing, Petitioner argues that he is entitled to equitable tolling because he was not advised of the denial of his 3.850 Motion until July 2011, which was nine months after the October 2010 decision. (Doc. No. 11, filed May 17, 2013.) Petitioner further contends that he acted diligently in seeking an untimely appeal on February 27, 2012. (*Id.*) Accordingly, Petitioner argues that he is entitled to equitable tolling for the fifteen months between September 26, 2011 (when the one-year deadline expired) and January 9, 2013. (*Id.*) Respondents counter that Petitioner cannot establish diligence because, by his own admission, after learning of the denial of his 3.850 Motion, Petitioner waited more than six months before seeking a belated appeal of the October Decision. (Doc. No. 8 at 10.) Further, Petitioner has provided no explanation for this delay, nor has he presented evidence or even claimed that he made any inquiries to the state

court between June 20, 2010 (when he filed the 3.850 Motion), and February 27, 2012, when he filed his request for a belated appeal.

The Court agrees with the Respondents that Petitioner has not met his burden to establish sufficient diligence in pursuing his remedies in state court and his federal habeas petition.[3] Petitioner's six-month delay in seeking a belated appeal of the October Decision, and his delay in filing his federal habeas petition after the November Decision, are not the sort of "prompt" actions that the Supreme Court has held supports a finding of diligence. *Lucas*, 2013 WL 2985800 at *3 (citing *Holland*, 130 S.Ct. at 2565, and denying equitable tolling); *Hutchinson v. Fla.*, 677 F.3d 1097, 1103 (11th Cir. 2012) (rejecting petitioner's conclusory claim of diligence). Further, even if the state court's delay in notifying Petitioner of its October 2010 decision amounted to "extraordinary circumstances" beyond Petitioner's control,[4] Petitioner's unexplained delays severed any causal connection between the state court's alleged error and Petitioner's late filing of his federal habeas petition. *Bell v. Fla. Att'y Gen.*, 461 Fed. App'x 843, 849 (11th Cir. 2012) (holding that no nexus existed between state court's error and untimely filing of habeas petition). Accordingly, Petitioner is not entitled to equitable tolling of the one-year limitations period, and Petitioner's untimely petition will not be excused. *Lopez v. U.S.*, No. 12-10281, 2013 WL 1104199, *2 (11th Cir. Mar. 18, 2013) (holding that equitable estoppel was not established where petitioner

---

[3] In his Petition, Petitioner did not address the issue of the timeliness of his Petition. (Doc. No. 1 at 13-14.) However, Petitioner did address the issue in his Reply filed on May 17, 2013. (Doc. No. 11.)

[4] The Eleventh Circuit has instructed that courts need not determine if extraordinary circumstances existed if the petitioner has not demonstrated reasonable diligence. *Melson v. Comm'r, Ala. Dep't of Corrections*, 713 F.3d 1086, 1089 (11th Cir. 2013); *e.g.*, *Perez v. Fla.*, No. 12-13084, 2013 WL 2319427, *2 (11th Cir. May 28, 2013) (citing *Diaz v. Sec'y for Dep't of Corrections*, 362 F.3d 698, 702 & n.7 (11th Cir. 2004)).

argued that he was not apprised of court decision but failed to show diligence); *Chavez v. Fla. Dep't of Corrections*, 647 F.3d 1057, 1072 (11th Cir. 2011) (same).  Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. §2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

(1)     The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 filed by Petitioner Robert Abrams (Doc. No. 1, Jan. 9, 2013) is **Denied as Untimely**;

(2)     This case is **Dismissed with Prejudice**, and the Clerk of the Court shall enter judgment accordingly;

(3)     Petitioner is **Denied** a certificate of appealability; and

(4)     The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this _5th__ day of July, 2013.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

OrlP-2

Counsel of Record

Robert Abrams

8